UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT MCDANIEL,<br><br>       Plaintiff,<br><br>    vs.<br><br>FRANK X. CHAVEZ, et al.,<br><br>       Defendants. | 1:10-cv-01077-LJO-GSA-PC<br><br>ORDER FINDING COGNIZABLE CLAIMS<br><br>ORDER FOR PLAINTIFF TO EITHER:<br><br>(1) FILE AN AMENDED COMPLAINT, OR<br><br>(2) NOTIFY THE COURT OF HIS WILLINGNESS TO PROCEED ONLY AGAINST DEFENDANT LOYD FOR DUE PROCESS VIOLATIONS AND DEFENDANTS CUNNINGHAM AND CIPRIANI FOR RETALIATION<br><br>THIRTY DAY DEADLINE TO FILE FIRST AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED |

**I.    BACKGROUND**

Robert McDaniel ("Plaintiff") is a former state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on June 15, 2010. (Doc. 1.) Plaintiff's Complaint is now before the court for screening.

## II.     SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences."  <u>Doe I v. Wal-Mart Stores, Inc.</u>, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  <u>Iqbal</u> 556 U.S. at 678.  While factual allegations are accepted as true, legal conclusions are not.  <u>Id.</u>  The mere possibility of misconduct falls short of meeting this plausibility standard.  <u>Id.</u> at 678-79; <u>Moss v. U.S. Secret Service</u>, 572 F.3d 962, 969 (9th Cir. 2009).

## III.    SUMMARY OF COMPLAINT

The events at issue in the Complaint allegedly occurred at the Sierra Conservation Center (SCC) in Jamestown, California, when Plaintiff was incarcerated there.  Plaintiff names as defendants Frank X. Chavez (SCC Warden), Lieutenant T. N. Davis, Lieutenant K. Loyd, Captain Overstreet, Sergeant Cunningham, R. Cipriani, Warden I. D. Clay, Matthew Cate (CDCR Secretary), Appeals Chief N. Grannis, R. Manuel, and Correctional Officer (C/O) W. Riedel.

Plaintiff's recitation of allegations in the Complaint are difficult to follow because Plaintiff moves from one event to another and then back again, and he fails to fully explain what defendants did to violate his constitutional rights. The court finds the gravamen of Plaintiff's complaint to be that his rights to due process and equal protection were violated at a disciplinary hearing. Plaintiff alleges that he was found guilty of battery using the wrong regulation, confined in administrative segregation ("Ad-Seg") for 203 days, and penalized by the excessive loss of 150 days of credit. When Plaintiff appealed the decision and was granted a re-hearing, Plaintiff was not allowed witnesses or video evidence in his defense at the re-hearing, the guilty finding was affirmed, and Plaintiff's loss of 150 days of credit was not reduced. As a result of the loss credit, Plaintiff was falsely imprisoned. Plaintiff is presently out of custody.

Plaintiff brings state law claims and claims for violation of due process, equal protection, retaliation, conspiracy, deliberate indifference, and improper inmate appeals process. Following is a summary of Plaintiff's factual allegations in chronological order, compiled by the court.

On June 19, 2008, Plaintiff was involved in an incident at SCC described as "plaintiff littering the tier with a paper tray." (Complaint at 6:21-22.) Defendant C/O W. Reidel made a false Rules Violation Report (RVR) against Plaintiff accusing him of battery, out of retaliation for Plaintiff reporting about denial of food. Plaintiff was placed in Ad-Seg. Defendant, Sergeant Cunningham, concealed documents while video evidence was destroyed, in conspiracy with defendant Riedel, and withheld the lock-up order for five days. Defendant Riedel arranged for the destruction of video evidence.

On June 24, 2008, defendant Captain Overstreet omitted Plaintiff's request for witnesses and failed to assign an investigative employee.

On June 26, 2008, defendant I. D. Clay held a hearing without allowing Plaintiff 72 hours of preparation time. No requested witnesses were present, Plaintiff was denied evidence, and the record contained false statements.

///

On July 19, 2008, a disciplinary hearing was held in which Plaintiff was found guilty of battery for the June 19, 2008 incident. Defendant Lieutenant T. N. Davis officiated at the racially-biased hearing in which he threatened Plaintiff, used racial epithets, and asked Plaintiff, "How does it feel to eat dirt, Nig---?" (Complaint at 7:2.) Defendant Davis altered the investigative report to reflect that no witnesses were requested, and Plaintiff was wrongly convicted under P.C. § 243 which required a "violent injury." (Complaint at 6 ¶15.) Plaintiff was housed in Ad-Seg for 203 days and penalized by the loss of 150 days of credit. In Ad-Seg, Plaintiff was placed in leaky cells causing "mildew and mold . . . to form in the mattresses, which [were] exchange[d] several times." (Complaint at 12:9-14.)

On July 30, 2008, Plaintiff filed inmate appeal log# SCC-08-00957, requesting either dismissal of the charges against him for no finding of "violent injury," or reduction of the credit loss to reflect "civil battery" under P.C. § 2932(a)(3). (Complaint at 7 ¶17.) On September 18, 2008, the appeals coordinator partially granted the appeal, agreeing to a reduction of the credit loss. On September 23, 2008, Warden Salinas issued an order requiring re-issuance of Plaintiff's RVR within 15 days and a re-hearing within 30 days. These time constraints were not met, and Plaintiff notified officials of this violation by filing inmate appeal log# SCC-08-01434, requesting reinstatement of his vested liberty credits. The appeal was denied by defendant F.X. Chavez, representative of I. D. Clay (Warden of SCC in 2008), in a conspiracy to withhold Plaintiff's credits in violation of equal protection, causing Plaintiff's false imprisonment. The date of the September 23, 2008 order was fraudulently reflected in the record as October 24, 2008.

On October 30, 2008, defendant Lieutenant K. Loyd had Plaintiff's RVR re-issued. On November 21, 2008, at the re-hearing on the RVR, defendant Loyd erroneously reflected that no witnesses were requested, and Plaintiff was not allowed his video evidence. Defendant Loyd re-imposed Plaintiff's 150-day loss, ignoring the newly revised regulations which limited credit loss to 61-90 days for battery/assault without injury or means likely to cause great bodily injury. Defendant Matthew Cate corrected the CCR regulation on August 4, 2008, as a direct result of Plaintiff's appeal log# SCC-08-00957, but did not notify Plaintiff until 2009.

On June 23, 2009, defendants Matthew Cate, N. Grannis, and R. Manuel used deception and fraud, falsely verifying an order date, and failed to apply the mandatory language of 15CCR when it was to be applied to Plaintiff.

On or about August 27, 2009, defendants Sergeant Cunningham and R. Cipriani took Plaintiff from his cell and threatened him with retaliation over appeal log# SCC-08-00883 in which they and others involved in misconduct and suppression of evidence were addressed. Plaintiff alleges that "[t]he threat of putting a knife into his cell caused [Plaintiff] to place his signature on this appeal." (Doc. 1 at 13:11-12.) Plaintiff reported the misconduct to defendant I. D. Clay who ordered the appeal returned to Plaintiff. The appeal was destroyed later by Ad-Seg staff or someone else, after repeated submission to the third level of review. Plaintiff's rights to make a complaint and have it properly addressed were violated.

Plaintiff requests monetary damages, declaratory relief, costs of suit, and attorney's fees.

### IV. PLAINTIFF'S CLAIMS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted). "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). "A person 'subjects' another to the deprivation of a constitutional right, within the

meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). "The requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actors knows or reasonably should know would cause others to inflict the constitutional injury." Id. at 743-44.

### A.     Supervisory Liability

Plaintiff has named defendants who hold supervisory positions such as Warden and Appeals Chief. Under section 1983, Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002) (emphasis added). Plaintiff must demonstrate that each defendant, through his or her own individual actions, violated Plaintiff's constitutional rights. Iqbal, 556 U.S. at 676.

Plaintiff is also advised that liability may not be imposed on supervisory personnel under section 1983 on the theory of *respondeat superior*, as each defendant is only liable for his or her own misconduct. Id.; Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009). A supervisor may be held liable only if he or she "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205-06 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997). Therefore, to the extent that Plaintiff seeks to impose liability upon defendants in their supervisory capacity, Plaintiff fails to state a claim.

### B.     Due Process

Plaintiff claims that his rights to due process were violated by defendants' disciplinary actions. The Due Process Clause protects prisoners from being deprived of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of procedural due process, a plaintiff must first establish the existence of

a liberty interest for which the protection is sought. Liberty interests may arise from the Due Process Clause itself or from state law. Hewitt v. Helms, 459 U.S. 460, 466-68 (1983). The Due Process Clause itself does not confer on inmates a liberty interest in avoiding "more adverse conditions of confinement." Wilkinson v. Austin, 545 U.S. 209, 221, 125 S.Ct. 2384, 2393 (2005). With respect to liberty interests arising from state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the deprivation. Sandin v. Conner, 515 U.S. 472, 481-84 (1995). Liberty interests created by prison regulations are limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 484.

### 1. Confinement in Administrative Segregation

Plaintiff alleges that he was subject to a disciplinary action in which he was confined to administrative segregation for 203 days and lost 150 days of credit. The Due Process Clause itself does not confer on inmates a liberty interest in being confined in the general prison population instead of administrative segregation. See Hewitt, 459 U.S. at 466-68; see also May v. Baldwin, 109 F.3d 557, 565 (9th Cir. 1997) (convicted inmate's due process claim fails because he has no liberty interest in freedom from state action taken within sentence imposed and administrative segregation falls within the terms of confinement ordinarily contemplated by a sentence) (quotations omitted); Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000) (plaintiff's placement and retention in the SHU was within range of confinement normally expected by inmates in relation to ordinary incidents of prison life and, therefore, plaintiff had no protected liberty interest in being free from confinement in the SHU) (quotations omitted).

Plaintiff's alleges that he was confined in leaky cells in administrative segregation, causing "mildew and mold . . . to form in the mattresses, which [were] exchange[d] several times." (Complaint, Doc. 1 at 12:9-14.) Such allegations do not rise to the level of an atypical and significant hardship to establish the existence of a protected liberty interest in remaining free from Ad-Seg. A plaintiff must assert a "dramatic departure" from the standard conditions of confinement before due process concerns are implicated. Sandin, 515 U.S. at 485–86; see also Keenan v. Hall, 83 F.3d 1083, 1088–89 (9th Cir.1996). Moreover, Plaintiff does not allege

any injury caused by the conditions. The fact that Ad Seg conditions do not mimic those afforded the general population does not trigger due process concerns. In fact, "[t]he transfer to less amenable quarters for nonpunitive reasons is ordinarily contemplated by a prison sentence." Sandin, 515 U.S. at 479, 115 S.Ct. 2293. Therefore, Plaintiff fails to state a cognizable claim for violation of his rights to due process based on his detention in Ad-Seg.

### 2. **Loss of Property**

Plaintiff alleges that his personal property was taken while he was confined in administrative segregation. Prisoners have a protected interest in their personal property. Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974). However, while an authorized, intentional deprivation of property is actionable under the Due Process Clause, see Hudson v. Palmer, 468 U.S. 517, 532, n.13, 104 S.Ct. 3194 (1984) (citing Logan v. Zimmerman Brush Co., 455 U.S. 422, 435-36, 102 S.Ct. 1148 (1982)); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1985), "[a]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available," Hudson, 468 U.S. at 533.

California Law provides an adequate post-deprivation remedy for any property deprivations. See Cal. Gov't Code §§ 810-895; Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994). California's Tort Claims Act requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board, formerly known as the State Board of Control, no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2 (West 2006). Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit. State v. Superior Court of Kings County (Bodde), 32 Cal.4th 1234, 1245, 90 P.3d 116, 124, 13 Cal.Rptr.3d 534, 543 (2004); Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995). To state a tort claim against a public employee, a plaintiff must allege compliance with the Tort Claims Act. State v. Superior Court, 32 Cal.4th at 1245, 90 P.3d at

///

124, 13 Cal.Rptr.3d at 543; Mangold, 67 F.3d at 1477; Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 627 (9th Cir. 1988).

Plaintiff alleges that his detention in administrative segregation led to the illegal seizure of his personal effects, which indicates that the deprivation of property was intentional and unauthorized. Thus, Plaintiff's remedy would be found under California law. However, Plaintiff fails to show compliance with the California Tort Claims Act, and therefore his property claim is not cognizable under federal or state law.

### 3. **Loss of Credits**

Plaintiff alleges that he lost 150 days of credit as a result of disciplinary action. Where, as here, a prisoner has been deprived of a significant number of good time credits, his right to due process is implicated. See generally Sandin, 515 U.S. at 477–78.

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff, 418 U.S. at 556. With respect to prison disciplinary proceedings, the minimum procedural requirements that must be met are: (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses and present documentary evidence in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex. Id. at 563-71. As long as the five minimum Wolff requirements are met, due process has been satisfied. Walker v. Sumner, 14 F.3d 1415, 1420 (9th Cir. 1994). "Some evidence" must support the decision of the hearing officer. Superintendent v. Hill, 472 U.S. 445, 455 (1985). The standard is not particularly stringent and the relevant inquiry is whether "there is *any* evidence in the record that could support the conclusion reached . . . ." Id. at 455-56 (emphasis added).

///

///

Plaintiff alleges that on November 21, 2008, defendant K. Loyd officiated over a re-hearing on Plaintiff's Rules Violation Report, at which Plaintiff was found guilty of battery and penalized with the loss of 150 days credit. Plaintiff alleges he was not allowed witnesses or documentary evidence at the re-hearing.

Plaintiff's allegations that he was not allowed to call witnesses or present documentary evidence in his defense are sufficient to state a claim for violation of due process against defendant Lieutenant K. Loyd.

### 4. Inmate Appeals Process

Plaintiff alleges that defendants improperly responded to his inmate appeals and that one of his appeals was destroyed after he repeatedly submitted it to the third level of review.

Defendants' actions in responding to Plaintiff's appeals, alone, cannot give rise to any claims for relief under section 1983 for violation of due process. "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." Azeez, 568 F. Supp. at 10; Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986). Actions in reviewing a prisoner's administrative appeal, without more, are not actionable under section 1983. Buckley, 997 F.2d at 495. Thus, since he has neither a liberty interest, nor a substantive right in inmate appeals, Plaintiff fails to state a cognizable claim for the processing and/or reviewing of his 602 inmate appeals.

///
///
///

**C.     Equal Protection**

Plaintiff alleges that his rights to equal protection were violated at his disciplinary hearing. Plaintiff alleges that defendant Lieutenant T. N. Davis threatened Plaintiff, and used racial epithets, and used a "William Lynch" law. (Complaint at 6-7 ¶16.)

The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne, Tex. v. Cleburne Living Center, 473 U.S. 432, 439, 105 S.Ct. 3249 (1985); Shakur v. Schriro, 514 F.3d 878, 891 (9th Cir. 2008). An equal protection claim may be established by showing that Defendants intentionally discriminated against Plaintiff based on his membership in a protected class, Comm. Concerning Cmty. Improvement v. City of Modesto, 583 F.3d 690, 702-03 (9th Cir. 2009); Serrano v. Francis, 345 F.3d 1071,1082 (9th Cir. 2003), Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, Engquist v. Oregon Department of Agr., 553 U.S. 591, 601-02, 128 S.Ct. 2146 (2008); Village of Willowbrook v. Olech, 528 U.S. 562, 564, 120 S.Ct. 1073 (2000); Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 592 (9th Cir. 2008); North Pacifica LLC v. City of Pacifica, 526 F.3d 478, 486 (9th Cir. 2008).

Plaintiff has not alleged any facts demonstrating that he was intentionally discriminated against on the basis of his membership in a protected class, or that he was intentionally treated differently than other similarly situated inmates without a rational relationship to a legitimate state purpose. Verbal harassment or abuse alone is not sufficient to state a claim under section 1983, Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987), and threats do not rise to the level of a constitutional violation, Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987). Therefore, Plaintiff fails to state a claim for violation of his rights to equal protection.

**D.     Retaliation**

As discussed by the Ninth Circuit in Watison v. Carter:

> "A retaliation claim has five elements. Brodheim v. Cry, 84 F.3d 1262, 1269 (9th Cir. 2009) First, the plaintiff must allege that the retaliated-against conduct is protected. The filing of an inmate grievance is protected conduct. Rhodes v. Robinson, 408 F.3d 559, 568 (9th Cir. 2005).

11

> Second, the plaintiff must claim the defendant took adverse action against the plaintiff. Id. at 567. The adverse action need not be an independent constitutional violation. Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995). "[T]he mere *threat* of harm can be an adverse action...." Brodheim, 84 F.3d at 1270.
>
> Third, the plaintiff must allege a causal connection between the adverse action and the protected conduct. Because direct evidence of retaliatory intent rarely can be pleaded in a complaint, allegation of a chronology of events from which retaliation can be inferred is sufficient to survive dismissal. See Pratt, 65 F.3d at 808 ("timing can properly be considered as circumstantial evidence of retaliatory intent"); Murphy v. Lane, 833 F.2d 106, 108–09 (7th Cir. 1987).
>
> Fourth, the plaintiff must allege that the "official's acts would chill or silence a person of ordinary firmness from future First Amendment activities." Robinson, 408 F.3d at 568 (internal quotation marks and emphasis omitted). "[A] plaintiff who fails to allege a chilling effect may still state a claim if he alleges he suffered some other harm," Brodheim, 584 F.3d at 1269, that is "more than minimal," Robinson, 408 F.3d at 568 n.11. That the retaliatory conduct did not chill the plaintiff from suing the alleged retaliator does not defeat the retaliation claim at the motion to dismiss stage. Id. at 569.
>
> Fifth, the plaintiff must allege "that the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution...." Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir.1985). A plaintiff successfully pleads this element by alleging, in addition to a retaliatory motive, that the defendant's actions were arbitrary and capricious, id., or that they were "unnecessary to the maintenance of order in the institution," Franklin v. Murphy, 745 F.2d 1221, 1230 (9th Cir.1984)."

Watison v. Carter, 668 F.3d 1108, 1114-15 (9th Cir. 2012).

Plaintiff alleges that defendant C/O Reidel made a false report of battery against Plaintiff, out of retaliation for Plaintiff reporting about denial of food. Plaintiff has not established that Plaintiff's reporting about denial of food is protected conduct, nor has he alleged a causal connection between Reidel's disciplinary report and Plaintiff's reporting. Therefore, Plaintiff fails to state a claim for retaliation against defendant Reidel.

Plaintiff also alleges that Sgt. Cunningham and R. Cipriani took him from his cell and threatened him with retaliation over Plaintiff's inmate appeal involving these defendants' and others' misconduct. Plaintiff also alleges that "[t]he threat of putting a knife into his cell caused [Plaintiff] to place his signature on this appeal." (Doc. 1 at 13:11-12.) The Ninth

Circuit has found that "[T]he mere *threat* of harm can be an adverse action...." Brodheim, 84 F.3d at 1270. Therefore, liberally construed, Plaintiff states a claim for retaliation against defendants Cunningham and Cipriani.

### E. Conspiracy

Plaintiff alleges that defendants conspired to violate his rights. In the context of conspiracy claims brought pursuant to section 1983, a complaint must "allege [some] facts to support the existence of a conspiracy among the defendants." Buckey v. County of Los Angeles, 968 F.2d 791, 794 (9th Cir. 1992); Karim-Panahi, 839 F.2d at 626. Plaintiff must allege that defendants conspired or acted jointly in concert and that some overt act was done in furtherance of the conspiracy. Sykes v. State of California, 497 F.2d 197, 200 (9th Cir. 1974).

A conspiracy claim brought under section 1983 requires proof of "'an agreement or meeting of the minds to violate constitutional rights,'" Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2001) (quoting United Steel Workers of Am. v. Phelps Dodge Corp., 865 F.2d 1539, 1540-41 (9th Cir. 1989) (citation omitted)), and an actual deprivation of constitutional rights, Hart v. Parks, 450 F.3d 1059, 1071 (9th Cir. 2006) (quoting Woodrum v. Woodward County, Oklahoma, 866 F.2d 1121, 1126 (9th Cir. 1989)). "'To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy.'" Franklin, 312 F.3d at 441 (quoting United Steel Workers, 865 F.2d at 1541).

Plaintiff has not alleged any facts supporting the allegation that any of the defendants entered into an agreement or had a meeting of the minds to violate Plaintiff's constitutional rights. It is not enough to say that defendants conspired. Therefore, Plaintiff fails to state a claim for conspiracy.

### F. Deliberate Indifference – Eighth Amendment

Plaintiff alleges that defendants were "deliberately indifferent" at the disciplinary hearing, during the inmate appeals process, and in abusing their oversight responsibilities, in spite of being notified of due process and equal protection violations. (Complaint at pp. 2, 14.)

///

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995 (1992) (citations and quotations omitted). "An Eighth Amendment claim that a prison official has deprived inmates of humane conditions of confinement must meet two requirements, one objective and the other subjective." Allen v. Sakai, 48 F.3d 1082, 1087 (9th Cir. 2010) cert. denied, 514 U.S. 1065 (1995). First, the alleged deprivation must be, in objective terms, "sufficiently serious." Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970 (1994). Second, subjectively, the prison official must "know of and disregard an excessive risk to inmate health or safety." Id. at 837; Anderson v. County of Kern, 45 F.3d 1310, 1313 (9th Cir. 1995). The objective requirement is met if the prison official's acts or omissions deprived a prisoner of "the minimal civilized measure of life's necessities.'" Allen, 48 F.3d at 1087 (quoting Farmer, 511 U.S. at 834 (1994)). To satisfy the subjective prong, a plaintiff must show more than mere inadvertence or negligence. Neither negligence nor gross negligence will constitute deliberate indifference. Farmer at 833, & n. 4; Estelle v. Gamble, 429 U.S. 97, 106 (1976). The Farmer court concluded that "subjective recklessness as used in the criminal law is a familiar and workable standard that is consistent with the Cruel and Unusual Punishments Clause" and adopted this as the test for deliberate indifference under the Eighth Amendment. Farmer at 839-40.

Plaintiff fails to state a claim against any of the defendants for deliberate indifference. Plaintiff has not described any deprivations sufficiently serious to meet the objective standard, and Plaintiff has not shown that any of the defendants acted against him or failed to act while knowing of and disregarding an excessive risk to his health or safety.

**G.     First Amendment**

Plaintiff claims that defendants violated the First Amendment during the inmate appeals process, when they "destroyed one of his appeals [and t]hen refused to address a second one on

two separate dates." (Complaint at 15 ¶45.) To the extent that Plaintiff seeks to bring a claim for denial of access to courts under the First Amendment, Plaintiff fails to state a claim. While prisoners have a constitutional right to meaningful access to the courts, Lewis v. Casey, 518 U.S. 343, 346, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996); Bounds v. Smith, 430 U.S. 817, 824–25, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977), the right of access is merely the right to bring to court a grievance the inmate wishes to present, and is limited to direct criminal appeals, habeas petitions, and civil rights actions, Lewis, 518 U.S. at 354. Thus, Plaintiff's allegation that he was not afforded a proper appeals process at the prison fails to state a claim under the First Amendment for denial of access to courts.

### H. State Law Claims

Plaintiff alleges that defendants used the wrong state regulation to find him guilty of battery, falsely imprisoned him, withheld a lock-up order, failed to assign an investigative employee, failed to meet time constraints established by the Warden's order, ignored newly-revised regulations, failed to apply the mandatory language of 15CCR, were negligent, and committed fraud.

Plaintiff is informed that violation of state tort law, state regulations, rules and policies of the CDCR, or other state law is not sufficient to state a claim for relief under § 1983. To state a claim under § 1983, there must be a deprivation of federal constitutional or statutory rights. See Paul v. Davis, 424 U.S. 693 (1976). Although the court may exercise supplemental jurisdiction over state law claims, Plaintiff must first have a cognizable claim for relief under federal law.[1] See 28 U.S.C. § 1367.

### I. Declaratory Relief and Attorney's Fees

In addition to monetary damages, Plaintiff requests attorney's fees, costs of suit, and declaratory relief. With regard to attorney's fees, "In any action or proceeding to enforce a provision of section[] 1983 . . . , the court, in its discretion, may allow the prevailing party . . .

---

[1] At this stage of the proceedings, the Court makes no determination about the viability of Plaintiff's state law claims.

reasonable attorney's fees . . . . " 42 U.S.C. § 1988(b).  However, Plaintiff's contention that he is entitled to attorney's fees if he prevails is without merit.  Plaintiff is representing himself in this action.  Because Plaintiff is not represented by an attorney, he is not entitled to recover attorney's fees if he prevails.  Gonzales v. Kangas, 814 F.2d 1411, 1412 (9th Cir. 1987).

With regard to declaratory relief, "[a] declaratory judgment, like other forms of equitable relief, should be granted only as a matter of judicial discretion, exercised in the public interest."  Eccles v. Peoples Bank of Lakewood Village, 333 U.S. 426, 431 (1948). "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." United States v. Washington, 759 F.2d 1353, 1357 (9th Cir. 1985).  In the event that this action reaches trial and the jury returns a verdict in favor of Plaintiff, that verdict will be a finding that Plaintiff's constitutional rights were violated.  A declaration that defendant violated Plaintiff's rights is unnecessary.

## V.     CONCLUSION AND ORDER

For the reasons set forth above, the court finds that Plaintiff states cognizable claims in the Complaint against defendant Lieutenant K. Loyd for due process violations, and against defendants Sergeant Cunningham and R. Cirpriani for retaliation in violation of the First Amendment.  However, Plaintiff fails to state any other claims against defendants upon which relief may be granted under § 1983.  Plaintiff shall be required to either file an Amended Complaint, or notify the Court of his willingness to proceed only on the cognizable claims for due process violations against defendant Loyd and retaliation against defendants Cunningham and Cipriani.  Should Plaintiff choose to proceed only on the cognizable due process and retaliation claims, the Court will begin the process to initiate service upon defendants Loyd, Cunningham, and Cipriani by the United States Marshal.

Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend 'shall be freely given when justice so requires.'"  The Court will provide Plaintiff with time to file an amended complaint curing the deficiencies identified above should he wish to do so.  Plaintiff

is granted leave to file an amended complaint within thirty days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

Should Plaintiff choose to amend the complaint, the amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal, 556 U.S. at 678; Jones, 297 F.3d at 934. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 678 (quoting Twombly, 550 U.S. at 555). There is no *respondeat superior* liability, and each defendant is only liable for his or her own misconduct. Iqbal, 556 U.S. at 677. Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights. Jones, 297 F.3d at 934 (emphasis added). Plaintiff is advised that a short, concise statement of the allegations in chronological order will assist the court in identifying his claims. Plaintiff should note that although he has been given the opportunity to amend, it is not for the purpose of adding new defendants for unrelated issues.

If Plaintiff decides to file an amended complaint, he is advised that an amended complaint supercedes the original complaint, Lacey v. Maricopa County, 693 F. 3d 896, 907 n.1 (9th Cir. Aug. 29, 2012) (en banc), and it must be complete in itself without reference to the prior or superceded pleading. Local Rule 220. Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Within **thirty (30) days** from the date of service of this order, Plaintiff shall either:
   (1) File an Amended Complaint curing the deficiencies identified in this order, or

    (2) Notify the Court in writing that he does not wish to file an amended complaint and is instead willing to proceed only on the due process claim against defendant Lieutenant K. Loyd and the retaliation claims against defendants Sergeant Cunningham and R. Cipriani;

3. Should Plaintiff choose to amend the complaint, Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to the case number 1:10-cv-01077-LJO-GSA-PC; and

4. If Plaintiff fails to comply with this order, this action will be dismissed for failure to comply with a court order.

IT IS SO ORDERED.

 Dated: **April 3, 2014**      **/s/ Gary S. Austin**
                 UNITED STATES MAGISTRATE JUDGE