UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT MCDANIEL, | 1:10-cv-01077-LJO-GSA-PC |
| Plaintiff, | ORDER GRANTING MOTION TO AMEND |
| vs. | (Doc. 18.) |
| FRANK X. CHAVEZ, et al., | ORDER DIRECTING CLERK TO FILE SECOND AMENDED COMPLAINT LODGED ON SEPTEMBER 10, 2014 |
| Defendants. | (Doc. 19.) |

## I. BACKGROUND

Robert McDaniel ("Plaintiff") is a former state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on June 15, 2010. (Doc. 1.) The court screened the Complaint pursuant to 28 U.S.C. § 1915A and issued an order on April 3, 2014, requiring Plaintiff to either file an amended complaint or notify the court of his willingness to proceed with the claims found cognizable by the court. (Doc. 12.) On August 18, 2014, Plaintiff filed the First Amended Complaint. (Doc. 17.)

On September 10, 2014, Plaintiff filed a motion for leave to amend and lodged a proposed Second Amended Complaint. (Docs. 18, 19.) Plaintiff's motion for leave to amend is now before the court.

## II.    LEAVE TO AMEND – RULE 15(a)

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Fed. R. Civ. P. 15(a).  Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires.  Id.  Here, because Plaintiff has already amended the complaint once, Plaintiff requires leave of court to file a Second Amended Complaint.

"Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'"  AmerisourceBergen Corp. v. Dialysis West, Inc., 445 F.3d 1132, 1136 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)).  However, courts "need not grant leave to amend where the amendment:  (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile."  Id.  The factor of "'[u]ndue delay by itself . . . is insufficient to justify denying a motion to amend.'"  Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 712,13 (9th Cir. 2001) (quoting Bowles v. Reade, 198 F.3d 752, 757-58 (9th Cir. 1999)).

### Plaintiff's Motion

Plaintiff seeks leave to file a Second Amended Complaint to make unspecified corrections to the First Amended Complaint.  Plaintiff has lodged a proposed Second Amended Complaint for the court's review.

### Discussion

The court has reviewed the First Amended Complaint and the proposed Second Amended Complaint.  The First Amended Complaint arises from allegations that on July 19, 2008, at the Sierra Conservation Center (SCC), Plaintiff was wrongly found guilty of battery at a racially-biased hearing at which Plaintiff was not allowed witnesses, based on a false retaliatory report against him.  Plaintiff was detained in administrative segregation for 203 days and forfeited good-time credits.  Plaintiff filed inmate appeals and was granted a new hearing. At the new hearing on November 21, 2008, defendant Loyd wrongly re-imposed a credit loss of

150 days.  Plaintiff was discharged from SCC in 2010 and is presently out of custody.  Plaintiff primarily brings claims for retaliation, violation of due process, violation of equal protection, and unlawful imprisonment.

Plaintiff's proposed Second Amended Complaint arises from the same allegations and claims found in the First Amended Complaint.  Both complaints concern Plaintiff's unlawful imprisonment at SCC in 2008-2010 resulting from a false disciplinary report and biased hearings.

The court finds good cause to allow Plaintiff to file the proposed Second Amended Complaint, which concerns essentially the same allegations and claims as the First Amended Complaint.  The court finds no evidence that Plaintiff seeks to amend in bad faith, or that allowing the amendment prejudices the defendants, produces an undue delay in the litigation, or is futile.  Therefore, Plaintiff's motion to amend shall be granted, and the Second Amended Complaint shall be filed.  The Second Amended Complaint shall supercede the First Amended Complaint.  See Lacey v. Maricopa County, 693 F.3d 896, 927 (9th Cir. 2012).

### III.   CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to amend, filed on September 10, 2014, is GRANTED; and
2. The Clerk is directed to file the proposed Second Amended Complaint which was lodged on September 10, 2014.

IT IS SO ORDERED.

Dated:   **September 13, 2014**                    **/s/ Gary S. Austin**
                                                          UNITED STATES MAGISTRATE JUDGE