UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT MCDANIEL, | 1:10-cv-01077-LJO-GSA-PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE (Doc. 22.) |
| vs. | |
| FRANK X. CHAVEZ, et al., | |
| Defendants. | |

**I.    BACKGROUND**

Robert McDaniel ("Plaintiff") is a former state prisoner proceeding pro se and in forma pauperis with this civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on June 15, 2010.  (Doc. 1.)  On August 18, 2014, Plaintiff filed the First Amended Complaint.  (Doc. 17.)  On September 15, 2014, Plaintiff filed the Second Amended Complaint, which awaits the court's requisite screening.  (Doc. 21.)

On September 17, 2014, Plaintiff filed a request for judicial notice, with documents attached.  (Doc. 22.)

**II.    REQUEST FOR JUDICIAL NOTICE**

"A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be

questioned." Fed. R. Evid. 201(b). "A court shall take judicial notice if requested by a party and supplied with the necessary information." Fed. R. Evid. 201(d). The court may take judicial notice of court records. Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n.l (N.D. Cal. 1978), aff'd, 645 F.2d 699 (9th Cir.), cert. denied, 454 U.S. 1126 (1981). "Judicial notice is an adjudicative device that alleviates the parties' evidentiary duties at trial, serving as a substitute for the conventional method of taking evidence to establish facts." York v. American Tel. & Tel. Co., 95 F.3d 948, 958 (10th Cir. 1996)(internal quotations omitted); see General Elec. Capital Corp. v. Lease Resolution Corp., 128 F.3d 1074, 1081 (7th Cir. 1997).

Plaintiff requests the court to take judicial notice of documents submitted as evidence of Plaintiff's claims with the California Victim Compensation and Government Claims Board. (Exh. A to Doc. 22.)

Plaintiff has not shown good cause for the court to take judicial notice of these documents. To the extent that Plaintiff intends to submit the documents as evidence in support of his Second Amended Complaint, the court cannot serve as a repository for the parties' evidence. The parties may not file evidence with the court until the course of litigation brings the evidence into question. At this stage of the proceedings, these documents are not at issue. Therefore, the court finds no good cause to take judicial notice of the documents submitted by Plaintiff.

### III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's request for judicial notice, filed on September 17, 2014, is DENIED.

IT IS SO ORDERED.

Dated: **September 19, 2014**           **/s/ Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE