UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT MCDANIEL,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>FRANK X. CHAVEZ, et al.,<br><br>　　　　　Defendants. | 1:10-cv-01077-LJO-GSA (PC)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>(Document# 24) |

　　　　On September 25, 2014, plaintiff filed a motion seeking the appointment of counsel. Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

　　　　Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

1

In the present case, the court does not find the required exceptional circumstances. At this early stage in the proceedings, the court cannot make a determination that plaintiff is likely to succeed on the merits. Plaintiff's second amended complaint, filed on September 15, 2014, awaits screening by the court. (Doc. 21.) Until the second amended complaint is screened and the court finds that Plaintiff states cognizable claims, service of process shall not be initiated upon the defendants. Moreover, based on a review of the record in this case, the court does not find that plaintiff cannot adequately articulate his claims. See id. Plaintiff argues that he cannot afford counsel, he lacks legal expertise, and he takes psychotropic medications daily which affect his alertness and focus. While these conditions make litigation challenging, they do not amount to exceptional circumstances under the law. The court is faced with similar cases daily. Therefore, Plaintiff's motion shall be denied without prejudice to renewal of the motion at a later stage of the proceedings.

For the foregoing reasons, plaintiff's motion for the appointment of counsel is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated:   **September 26, 2014**                              **/s/ Gary S. Austin**
                                                    UNITED STATES MAGISTRATE JUDGE