UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT MCDANIEL, | 1:10-cv-01077-LJO-EPG-PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS ACTION PROCEED ONLY AGAINST DEFENDANTS CHAVEZ, DAVIS AND LOYD FOR VIOLATION OF DUE PROCESS AND THAT ALL OTHER CLAIMS AND DEFENDANTS BE DISMISSED FROM THIS ACTION |
| vs. | |
| FRANK X. CHAVEZ, et al., | |
| Defendants. | |
| | OBJECTIONS, IF ANY, DUE IN 30 DAYS |

I.      BACKGROUND

Robert McDaniel ("Plaintiff") is a former state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.  His complaint concerns issues regarding a disciplinary proceeding, which took place in 2008.

Plaintiff filed the Complaint commencing this action on June 15, 2010.  (ECF No. 1.) The Court[1] first screened the Complaint pursuant to 28 U.S.C. § 1915A and issued an order on April 3, 2014 requiring Plaintiff to either file an amended complaint or notify the court of his willingness to proceed with the claims found cognizable by the court.  (ECF No. 12.)  That order also provided substantial guidance regarding the legal standards to Plaintiff's purported

---

[1] All prior screening orders were issued by Magistrate Judge Gary S. Austin.

1

claims and instructions regarding what was needed to allege such claims in an amendment.  On August 18, 2014, Plaintiff filed the First Amended Complaint.  (ECF No. 17.) On September 15, 2014, with leave of court, Plaintiff filed the Second Amended Complaint.  (ECF No. 21.) On October 7, 2015, the Court screened Plaintiff's Second Amended Complaint and found certain cognizable claims against Defendant Davis for Due Process Violations, and gave Plaintiff leave to amend.  (ECF No. 28.)   Plaintiff filed a third amended complaint on December 14, 2015 (ECF No. 33)  Plaintiff then requested leave to file a supplement.  (ECF No. 34)  The Court granted leave to file a Fourth Amended Complaint on July 21, 2016.  (ECF No. 38).  Plaintiff filed a Fourth Amended Complaint on August 11, 2016, which is now before this Court on screening.  (ECF No. 39).

## II.    SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences."  Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  Plaintiff must set forth "sufficient factual

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678.  While factual allegations are accepted as true, legal conclusions are not.  Id.

To state a viable claim for relief, Plaintiff must set forth sufficient factual allegations to state a plausible claim for relief.  Id. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls short of meeting this plausibility standard.  Id.

## III.    SUMMARY OF FOURTH AMENDED COMPLAINT

It is worth noting at the outset that the allegations in Plaintiff's Fourth Amended Complaint ("FAC") are presented in a narrative format and are often difficult to follow. Plaintiff asserts legal conclusions throughout, but the underlying facts are difficult to glean. The following is the Court's best understanding of the material allegations in Plaintiff's FAC.

Plaintiff's FAC concerns a discplinary hearing that took place on July 19, 2008.  It was overseeen by Defendant T. N. Davis.  Plaintiff alleges that Defendant Davis denied Plaintiff due process regarding that rule hearing.   The hearing was held outside the time limit requirements.  It lacked a required reporting officer.  Defendant Davis denied all witnesses. The hearing lacked evidence from cameras.  Defendant Davis altered the documents to indicate that no witnesses were interviewed.  At some point in time, Defendant Davis told Plaintiff "How does it feel to eat dirt!  Nigger!"  Plaintiff alleges that Defendants failed to give him the same rights afforded to white inmates.

Defendant K. Loyd appears to have used a document with an improper date in making findings against Plaintiff.  This document violated prison rules.

Defendants F.X. Chavez, T. N. Davis, K. Loyd, M. Loyd and Officer Fowler also caused a violation of the due process and equal protection protections of the U.S. Constitution. Defendant Chavez controlled the responses and administrative appeals.

At the end of the hearing, Plaintiff was imposed a forfeiture of 150 days good time credits.

Plaintiff was given a re-hearing on November 21, 2008.   It is not clear who administered the proceeding, but it appears that Defendants Chavez and Loyd were involved.

The re-hearing also used a tainted document.  Defendant F.X. Chavez denied full due process in a racist manner.  The rehearing lacked an adversarial process.  There was no reporting officer.  Defendant Chavez ignored Plaintiff's right to question the reporting officer and present a defense.  He also denied Plaintiff's right to represent himself.

The time limit violation of 30 days should have precluded any forfeiture of liberty credits.  Defendant Loyd and Chavez created altered versions of a modification order in order to comply with certain date requirements.

Under California prison regulations, a "violent injury" or means or intent is required for forfeitures more than ninth days.  The penalty was thus excessive.

## IV.    PLAINTIFF'S CLAIMS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.  "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'"  Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law.  Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); see also Marsh v. Cnty. of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law").  A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which

complaint is made.'" Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." Preschooler II, 479 F.3d at 1183 (quoting Johnson, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." Arnold v. Int'l Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981); see also Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).

## A.    Rule 8(a) of the Federal Rules of Civil Procedure

Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions, none of which apply to § 1983 actions. Swierkeiwicz v. Sorema, N.A., 534 U.S. 506, 512 (2002). Under federal notice pleading, a complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Such a statement must simply give defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkewicz, 534 U.S. at 512. Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555). "While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, at 681 (9th Cir. 2009). To state a viable claim for relief, Plaintiff must set forth sufficient factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 667. A complaint does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557). The mere possibility of misconduct falls short of meeting the plausibility standard. Iqbal at 667.

Plaintiff's FAC contains many legal assertions and conclusions. The Court has attempted to review the underlying facts to determine what claims are asserted, as described below. But it should be noted that the underlying facts are difficult to decipher despite multiple instructions regarding the law and multiple amendments. The Court does not believe that

additional amendments should be given in light of the multiple orders requesting clarification of claims and multiple amendments already made.

**B.**     **Due Process**

Plaintiff claims that his rights to due process were violated at his June 19, 2008 disciplinary hearing and rehearing on November 21, 2008.

The Due Process Clause protects prisoners from being deprived of liberty without due process of law.  Wolff v. McDonnell, 418 U.S. 539, 556 (1974).  In order to state a cause of action for deprivation of procedural due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought.  Liberty interests may arise from the Due Process Clause itself or from state law.  Hewitt v. Helms, 459 U.S. 460, 466-68 (1983).  The Due Process Clause itself does not confer on inmates a liberty interest in avoiding "more adverse conditions of confinement."  Wilkinson v. Austin, 545 U.S. 209, 221, 125 S.Ct. 2384, 2393 (2005).  With respect to liberty interests arising from state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the deprivation.  Sandin v. Conner, 515 U.S. 472, 481-84 (1995).  Liberty interests created by prison regulations are limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  Id. at 484.

Plaintiff alleges that he lost 150 days of credit as a result of disciplinary action.  Where, as here, a prisoner has been deprived of a significant number of good time credits, his right to due process is implicated.  See generally Sandin, 515 U.S. at 477–78.

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply."  Wolff, 418 U.S. at 556. With respect to prison disciplinary proceedings, the minimum procedural requirements that must be met are:  (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses and present documentary evidence in his defense, when permitting him to do so would not be unduly

hazardous to institutional safety or correctional goals; and (5) legal assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex.  Id. at 563-71.  As long as the five minimum Wolff requirements are met, due process has been satisfied.  Walker v. Sumner, 14 F.3d 1415, 1420 (9th Cir. 1994).  "Some evidence" must support the decision of the hearing officer.  Superintendent v. Hill, 472 U.S. 445, 455 (1985).  The standard is not particularly stringent and the relevant inquiry is whether "there is *any* evidence in the record that could support the conclusion reached . . . ."  Id. at 455-56 (emphasis added).

Plaintiff's FAC largely challenges the prison's compliance with its own guidelines and regulations.  These do not state violations of the Due Process clause of the U.S. Constitution.  Plaintiff does however allege that he was deprived of witnesses and that evidence was falsified.  Liberally construed, Plaintiff states a cognizable claim against defendant Davis for violation of due process.

It is difficult to understand the role of the other defendants, if any, in the disciplinary proceedings.  Read liberally, Court recommends that claims against Defendants Chavez and Loyd for violation of due process also proceed.  If those Defendants did not in fact administer the disciplinary proceedings, they may be subject to dismissal early in the case.

### C.    Inmate Appeals Process

Plaintiff alleges that some of the Defendants improperly responded to his inmate appeals.  Defendants' actions in responding to Plaintiff's appeals, alone, cannot give rise to any claims for relief under section 1983 for violation of due process.  "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates."  Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).  "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment."  Azeez, 568 F. Supp. at 10.  Actions in

reviewing a prisoner's administrative appeal, without more, are not actionable under section 1983.  Buckley, 997 F.2d at 495.

Thus, since he has neither a liberty interest, nor a substantive right in inmate appeals, Plaintiff fails to state a cognizable claim for the processing and/or reviewing of his 602 inmate appeals.

**D.     Equal Protection**

Plaintiff alleges that his rights to equal protection were violated at his disciplinary hearing.  Plaintiff alleges that defendant T. N. Davis used the "N" word during the first hearing on June 19, 2008.

The Equal Protection Clause requires that persons who are similarly situated be treated alike.  City of Cleburne, Tex. v. Cleburne Living Center, 473 U.S. 432, 439, 105 S.Ct. 3249 (1985); Shakur v. Schriro, 514 F.3d 878, 891 (9th Cir. 2008).  An equal protection claim may be established by showing that Defendants intentionally discriminated against Plaintiff based on his membership in a protected class, Comm. Concerning Cmty. Improvement v. City of Modesto, 583 F.3d 690, 702-03 (9th Cir. 2009); Serrano v. Francis, 345 F.3d 1071,1082 (9th Cir. 2003), Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, Engquist v. Oregon Department of Agr., 553 U.S. 591, 601-02, 128 S.Ct. 2146 (2008); Village of Willowbrook v. Olech, 528 U.S. 562, 564, 120 S.Ct. 1073 (2000); Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 592 (9th Cir. 2008); North Pacifica LLC v. City of Pacifica, 526 F.3d 478, 486 (9th Cir. 2008).

Plaintiff's allegations are not sufficient to state an equal protection claim.  Plaintiff has not alleged facts demonstrating that he was intentionally discriminated against on the basis of his membership in a protected class, or that he was intentionally treated differently than other similarly situated inmates without a rational relationship to a legitimate state purpose.  Verbal harassment or abuse alone is not sufficient to state a claim under section 1983, Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987), and threats do not rise to the level of a constitutional violation, Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987).  Therefore, Plaintiff

fails to state a claim for violation of his rights to equal protection.

## V.   CONCLUSION AND ORDER

The Court has screened Plaintiff's Fourth Amended Complaint pursuant to 28 U.S.C. § 1915A and finds that it states cognizable claims for violation of due process against Defendants Davis, Chavez and Loyd based on their administration of disciplinary proceedings without due process.

Plaintiff has been given multiple chances to amend his complaint with guidance from the Court.  This is Plaintiff's Fourth Amended complaint.  The Court recommends moving forward on the cognizable claims without further leave to amend.

Based on the foregoing, it is HEREBY RECOMMENDED that:

1.      This action proceed only against Defendants Davis, Chavez, and Loyd for violation for due process;

2.      All remaining claims and defendants be dismissed from this action;

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **September 7, 2016**                     /s/ Erica  P.  Grosjean

UNITED STATES MAGISTRATE JUDGE