UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT MCDANIEL,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>FRANK X. CHAVEZ, et al.,<br><br>　　　　Defendants. | 1:10-cv-01077-LJO-EPG (PC)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF PRO BONO COUNSEL (ECF NO. 47) |

On December 30, 2016, Plaintiff filed a motion seeking the appointment of counsel. (ECF No. 47). Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

1

In the present case, the court does not find the required exceptional circumstances. At this early stage in the proceedings the Court cannot make a determination that Plaintiff is likely to succeed on the merits. Further, based on a review of the record in this case, while Plaintiff may have difficulty in articulating his claims well, the Court does not find that Plaintiff cannot adequately articulate his claims. Id.

For the foregoing reasons, Plaintiff's motion for appointment of pro bono counsel is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated: **January 9, 2017**  /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE