# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT MCDANIEL,<br><br>Plaintiff,<br><br>v.<br><br>FRANK X. CHAVEZ, et al.,<br><br>Defendants. | Case No. 1:10-cv-01077-LJO-EPG-PC<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT IN PART AND DENY IN PART DEFENDANTS' MOTION TO DISMISS<br><br>(ECF No. 58)<br><br>OBJECTIONS, IF ANY, DUE WITHIN THIRTY DAYS |

Robert McDaniel ("Plaintiff") is a former state prisoner proceeding *pro se* with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleges that he was deprived of witnesses and evidence with regard to disciplinary proceedings that took place in 2008. After substantial screening, the Court previously found that the Fourth Amended Complaint states cognizable claims for violations of due process against Defendants Davis, Chavez, and Loyd.

Defendants Davis, Chavez, and Loyd have moved to dismiss the Fourth Amended Complaint for failure to state a claim. Defendant Chavez claims that he is entitled to dismissal because he did not administer the disciplinary proceedings, and Defendant Loyd claims he is entitled to qualified immunity. Declining to incorporate by reference the disciplinary hearing reports and accepting all allegations of material fact in the Fourth Amended Complaint as true, the undersigned finds that Plaintiff has stated claims for violations of due process against Defendants Davis, Chavez, and Loyd, and that Defendant Loyd is not entitled to qualified immunity based on the limited record before the Court at this time. Accordingly, the undersigned recommends denying Defendants' motion to dismiss.

## I. BACKGROUND

Plaintiff filed the Complaint commencing this action on June 15, 2010. (ECF No. 1). The Court first screened the Complaint pursuant to 28 U.S.C. § 1915A and issued an order on April 3, 2014 requiring Plaintiff to either file an amended complaint or notify the Court of his willingness to proceed with the claims found cognizable by the Court. (ECF No. 12). That order also provided substantial guidance regarding the legal standards to Plaintiff's purported claims and instructions regarding what was needed to allege such claims in an amendment. On August 18, 2014, Plaintiff filed the First Amended Complaint. (ECF No. 17). On September 15, 2014, with leave of court, Plaintiff filed the Second Amended Complaint. (ECF No. 21). On October 7, 2015, the Court screened Plaintiff's Second Amended Complaint and found certain cognizable claims against Defendant Davis for due process violations, and gave Plaintiff leave to amend. (ECF No. 28). Plaintiff filed the Third Amended Complaint on December 14, 2015. (ECF No. 33). Plaintiff then requested leave to file a supplement. (ECF No. 34). The Court granted leave to file a Fourth Amended Complaint on July 21, 2016. (ECF No. 38).

Plaintiff filed the Fourth Amended Complaint ("FAC") on August 11, 2016. (ECF No. 39). The Court screened the FAC and found that it states cognizable claims for violations of due process against Defendants Davis, Chavez, and Loyd based on their administration of disciplinary proceedings. (ECF Nos. 40, 41). On October 31, 2016, the Court authorized service of the FAC. (ECF No. 42).

On March 28, 2017, Defendant Loyd filed the instant motion to dismiss. (ECF No. 58). On May 2, 2017, Defendants Chavez and Davis filed a joinder to the motion to dismiss. (ECF No. 61). Plaintiff has filed an opposition, and Defendants Chavez, Davis, and Loyd (collectively "Defendants") have filed a reply. (ECF Nos. 65, 66).

## II. PLAINTIFF'S ALLEGATIONS IN THE FOURTH AMENDED COMPLAINT[1]

Plaintiff's FAC concerns a disciplinary hearing that took place on July 19, 2008 and resulted in the forfeiture of 150 days good time credits. The hearing was overseen by Defendant

---

[1] Note at the outset that the allegations in the FAC are presented in a narrative format and are difficult to follow. Plaintiff asserts legal conclusions throughout, but the underlying facts are difficult to glean. The following is the Court's best understanding of the allegations pertinent to Plaintiff's claims for violations of due process.

2

1 Davis. Plaintiff alleges that the hearing was held outside the time limit requirements without the
2 required reporting officer. Plaintiff further alleges that Defendant Davis denied all witnesses and
3 the requested evidence from cameras.

4 Plaintiff was given a rehearing on November 21, 2008. It is not clear who administered
5 the proceeding, but it appears that Defendants Chavez and Loyd were involved. Plaintiff alleges
6 that the rehearing was authorized by using a tainted document. Petitioner further alleges that the
7 rehearing lacked an adversarial process. All witnesses were denied, and there was no reporting
8 officer. Defendant Chavez ignored Plaintiff's right to question the reporting officer and present a
9 defense. He also denied Plaintiff's right to represent himself.

10 Plaintiff contends that a violation of the 30-day time limit should have precluded any
11 forfeiture of credits. The FAC alleges that Defendants were involved in creating altered versions
12 of a document in order to comply with certain date requirements. Plaintiff further alleges that
13 Defendants Davis and Loyd altered reports by writing "none" in the sections regarding
14 witnesses.

## III. REQUEST FOR JUDICIAL NOTICE AND INCORPORATION BY REFERENCE

16 Defendant Loyd has filed a request that the Court take judicial notice of Plaintiff's
17 original complaint in <u>McDaniel v. Riedel</u>, No. 1:09-cv-00437 (E.D. Cal. Mar. 9, 2009), and the
18 disciplinary documents and grievance materials attached therein. (ECF No. 59). "The Court may
19 judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known
20 within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined
21 from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Although
22 the Court may take judicial notice of the fact that Plaintiff filed a complaint in a different case in
23 this district, the Court cannot take judicial notice of facts asserted in that complaint or in the
24 documents attached therein. Accordingly, the Court denies the request for judicial notice.

25 In deciding a Rule 12(b)(6) motion, the Court generally may not consider materials
26 outside the complaint and pleadings. <u>Gumataotao v. Dir. of Dep't of Revenue & Taxation</u>, 236
27 F.3d 1077, 1083 (9th Cir. 2001) (citing <u>Cooper v. Pickett</u>, 137 F.3d 616, 622 (9th Cir. 1998)).
28 However, pursuant to the Ninth Circuit's "incorporation by reference" doctrine, the district court

3

may—but is not required to—look beyond the pleadings and "take into account 'documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading.'" Davis v. HSBC Bank Nevada, N.A., 691 F.3d 1152, 1159–60 (9th Cir. 2012) (quoting Knieval v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005)).

In the FAC, Petitioner references the July 19, 2008 and November 21, 2008 hearings and refers to the contents of the hearing reports. (ECF No. 39 at 2, 4–6, 11–18, 20–21). Respondent claims that Petitioner does not question the authenticity of the hearing reports. (ECF No. 58-1 at 4). While Petitioner may not question the hearing reports' authenticity, the FAC clearly contests the accuracy of the contents therein. For example, the FAC alleges Defendants Davis and Loyd altered reports by writing "none" in the sections regarding witnesses. Accordingly, the Court declines to incorporate by reference the hearing reports.

## IV. STANDARD OF REVIEW

In considering a motion to dismiss, the Court must accept all allegations of material fact in the complaint as true. Erickson v. Pardus, 551 U.S. 89, 93–94 (2007); Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976). The court must also construe the alleged facts in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), abrogated on other grounds by Harlow v. Fitzgerald, 457 U.S. 800 (1982); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir.1994) (per curiam). All ambiguities or doubts must also be resolved in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). In addition, *pro se* pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after Iqbal).

A motion to dismiss pursuant to Rule 12(b)(6) operates to test the sufficiency of the complaint. Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "The issue is not whether a plaintiff will

1 ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer, 416 U.S. at 236.

The first step in testing the sufficiency of the complaint is to identify any conclusory allegations. Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678 (citing Twombly, 550 U.S. at 555). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citations and quotation marks omitted).

After assuming the veracity of all well-pleaded factual allegations, the second step is for the court to determine whether the complaint pleads "a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556) (rejecting the traditional 12(b)(6) standard set forth in Conley, 355 U.S. at 45–46). A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). The standard for plausibility is not akin to a "probability requirement," but it requires "more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678.

**V.   DISCUSSION**

**A. Due Process and Disciplinary Proceedings**

Defendants argue that the Fourth Amended Complaint fails to state a claim because the documents incorporated by reference demonstrate that Plaintiff received all the process he was due at both disciplinary hearings and that the guilty findings were supported by some evidence. (ECF No. 58-1 at 1; ECF No. 66 at 2).

Where a prisoner has been deprived of a significant number of good time credits, his right to due process is implicated. See generally Sandin v. Conner, 515 U.S. 472, 477–78 (1995). "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556 (1974). With respect to prison disciplinary proceedings, the minimum procedural

1  requirements that must be met are: (1) written notice of the charges; (2) at least 24 hours between
2  the time the prisoner receives written notice and the time of the hearing, so that the prisoner may
3  prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and
4  reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses and present
5  documentary evidence in his defense, when permitting him to do so would not be unduly
6  hazardous to institutional safety or correctional goals; and (5) legal assistance to the prisoner
7  where the prisoner is illiterate or the issues presented are legally complex. Id. at 563–71.

8  Inmates are entitled to an impartial decisionmaker in a disciplinary proceeding. Wolff, 418 U.S. at 570–71. Due process also requires that there be "some evidence" to support the disciplinary decision. Superintendent v. Hill, 472 U.S. 445, 454 (1985). The standard is not particularly stringent and the relevant inquiry is whether "there is *any* evidence in the record that could support the conclusion reached . . . ." Id. at 455–56 (emphasis added). The Due Process Clause only requires that prisoners be afforded those procedures mandated by Wolff and its progeny; it does not require that a prison comply with its own, more generous procedures. Walker v. Sumner, 14 F.3d 1415, 1420 (9th Cir. 1994).

16  In the FAC, Plaintiff alleges that he was deprived of witnesses at the July 19, 2008 hearing, which was administered by Defendant Davis, and that Defendant Davis denied Petitioner's requested evidence from cameras. Petitioner also alleges that he was deprived of witnesses at the November 21, 2008 hearing. Plaintiff further alleges that Defendant Chavez ignored Plaintiff's right to question the reporting officer and present a defense. Based on the allegations of the FAC, it is not clear who administered the November 21, 2008 hearing, but it appears that Defendants Chavez and Loyd were involved. As discussed in section III, *supra*, the Court is declining to incorporate by reference the disciplinary hearing reports. Liberally construed, Plaintiff states cognizable claims against Defendants for violations of due process.[2]

---

[2] Defendants argue that Defendant Chavez should be dismissed because he did not administer either disciplinary proceeding. Rather, in his capacity as the Chief Disciplinary Officer, Defendant Chavez reviewed the outcome of the proceedings. (ECF No. 58-1 at 5). In support of this contention, Defendants rely on the disciplinary hearing reports. (Id.). However, as discussed in section III, the Court has declined to incorporate by reference said disciplinary hearing reports. Additionally, the Court notes that a supervisor may be liable under § 1983 if he: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional

**B. Qualified Immunity**

Defendant Loyd argues that he is entitled to qualified immunity because no constitutional violation occurred and that a reasonable officer, having complied with state regulations, and having provided Plaintiff with notice of the charges and evidence, and an opportunity to be heard and present witnesses, would believe a guilty finding did not violate Plaintiff's right to due process. (ECF No. 58-1 at 8–9).

"Qualified immunity shields federal and state officials from money damages unless a plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." Ashcroft v. Al–Kidd, 563 U.S. 731, 735 (2011) (citing Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). To be clearly established, a right must be sufficiently clear "that every 'reasonable official would [have understood] that what he is doing violates that right.'" Reichle v. Howards, 132 S. Ct. 2088, 2093 (2012) (quoting Al–Kidd, 563 U.S. at 741) (alteration in original). This immunity protects "all but the plainly incompetent or those who knowingly violate the law." Malley v. Briggs, 475 U.S. 335, 341 (1986).

"Since qualified immunity is a defense, the burden of pleading it rests with the defendant." Gomez v. Toledo, 446 U.S. 635, 640 (1980) (citing Fed. R. Civ. P. 8(c); 5 C. Wright & A. Miller, Federal Practice and Procedure § 1271 (1969)). "It is for the official to claim that his conduct was justified by an objectively reasonable belief that it was lawful. We see no basis for imposing on the plaintiff an obligation to anticipate such a defense by stating in his complaint that the defendant acted in bad faith." Gomez, 446 U.S. at 640.

Plaintiff alleges that he was deprived of witnesses at the November 21, 2008 hearing. Based on the allegations of the FAC, it appears that Defendant Loyd was involved in this proceeding. Thus, Plaintiff has pled facts showing that his due process rights were violated, and the right to call witnesses at a disciplinary hearing has been clearly established since Wolff. Without further development of the record (e.g., who Plaintiff requested as witnesses and why he

---

rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Here, the FAC specifically alleges that Defendant Chavez ignored Plaintiff's right to question the reporting officer and present a defense.

wished to call them, Defendants' reasons for disallowing said witnesses), the Court cannot determine whether a reasonable official could have believed denying witnesses at the November 21, 2008 hearing was lawful. Therefore, the Court recommends finding that, at this stage in the proceedings, Defendant Loyd is not entitled to qualified immunity. This finding is without prejudice to Defendants asserting this defense at a later stage in the proceeding with a fuller development of the record.

### C. Claim for Injunctive Relief

In the motion to dismiss, Defendants also argue that Plaintiff's claim for injunctive relief is moot because Plaintiff is no longer incarcerated. (ECF No. 58-1 at 10). In light of Plaitniff's release from prison (ECF No. 39 at 1), the Court finds that Plaintiff's claim for injunctive relief is moot. See Dilley v. Gunn, 64 F.3d 1365, 1368 (9th Cir. 1995) ("An inmate's release from prison while his claims are pending generally will moot any claims for injunctive relief . . . .").

## VI. CONCLUSION

Accordingly, the undersigned HEREBY RECOMMENDS that:

1. Defendants' motion to dismiss (ECF No. 45) be GRANTED IN PART and DENIED IN PART;
2. The motion to dismiss be GRANTED with respect to Plaintiff's claim for injunctive relief;
3. Save and except as noted above, the motion to dismiss be DENIED, without prejudice to Defendants asserting the defense of qualified immunity at a later stage in the proceeding.

Further, IT IS HEREBY ORDERED that Defendant Loyd's request for judicial notice (ECF No. 59) is DENIED.

These Findings and Recommendations will be submitted to the United States District Court Judge assigned to this action pursuant to the provisions of 28 U.S.C. § 636 (b)(1). Within **THIRTY (30) days** after being served with a copy of these Findings and Recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any

reply to the objections shall be served and filed within **TEN (10) days** after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **July 12, 2017**  /s/ Erin P. Grosjean
UNITED STATES MAGISTRATE JUDGE