UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT MCDANIEL,<br><br>        Plaintiff,<br><br>v.<br><br>FRANK X. CHAVEZ, et al.,<br><br>        Defendants. | Case No. 1:10-cv-01077-LJO-EPG (PC)<br><br>ORDER CONVERTING MOTION TO DISMISS (ECF NO. 58) TO MOTION FOR SUMMARY JUDGMENT, DENYING PLAINTIFF'S ORAL REQUEST FOR COUNSEL, AND DIRECTING CLERK TO SEND PLAINTIFF COPY OF MOTION TO DISMISS (ECF NO. 58)<br><br>NOTICE AND WARNING OF REQUIREMENTS FOR OPPOSING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT FOR FAILURE TO EXHAUST |

      Robert McDaniel ("Plaintiff") is a former state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. On January 24, 2018, this Court held an initial scheduling conference. Plaintiff telephonically appeared on his own behalf. Counsel Erin Doering and Michelle Angus telephonically appeared on behalf of Defendants.

      The parties and the Court discussed the best way to move forward with this case, and the Court determined that the best way to do so is to convert Defendants' motion to dismiss (ECF No. 58) into a motion for summary judgment.

      As there will be a pending motion for summary judgment, and as Defendants have represented that they have provided all documents related to the Rules Violation Reports and

disciplinary proceedings at issue in this case to Plaintiff, the Court will stay formal discovery and will not issue a schedule for this case until a ruling on the pending motion. However, if Plaintiff needs additional documents to respond to the motion for summary judgment, Plaintiff may make an informal request to Defendants for additional documents. If the parties have a disagreement about this information discovery, defendants may raise the issue with the Court in an appropriate motion.

Additionally, at the conference, Plaintiff made an oral request for appointment of pro bono counsel. For the reasons stated on the record, that request will be denied without prejudice.

As the Court is converting Defendants' motion to dismiss into a motion for summary judgment, the Court provides Plaintiff with the following notice and warning.

**NOTICE AND WARNING OF REQUIREMENTS FOR OPPOSING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Pursuant to Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998), the Court hereby notifies Plaintiff of the following rights and requirements for opposing Defendants' motion for summary judgment.

**NOTICE AND WARNING:**

The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact— that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific

facts in declarations,[1] depositions, answers to interrogatories, or authenticated documents, as provided in Rule [56(c)],[2] that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

EASTERN DISTRICT OF CALIFORNIA LOCAL RULE REQUIREMENTS

You are responsible for filing all evidentiary documents cited in the opposing papers. Id. If additional discovery is needed to oppose summary judgment, Local Rule 260(b) requires you to "provide a specification of the particular facts on which discovery is to be had or the issues on which discovery is necessary." See also Fed. R. Civ. P. 56(d).

Based on the foregoing, IT IS ORDERED that:

1. Defendants' motion to dismiss (ECF No. 58) is converted into a motion for summary judgment under Federal Rule of Civil Procedure 56;
2. The Clerk of Court is directed to send Plaintiff a copy of Defendants' motion to dismiss/motion for summary judgment (ECF No. 58) and all attached exhibits;
3. Plaintiff has until April 30, 2018, to respond to the motion for summary judgment but may respond earlier if he wishes;
4. Defendants have twenty-one days from the date Plaintiff's response is filed in CM/ECF to serve and file a reply to the response;

---

[1] To be admissible, a declaration must be subscribed by the declarant as true under penalty of perjury, in substantially the following form: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date). (Signature)." 28 U.S.C. § 1746.

[2] The substance of Rule 56(e) from the 1998 version, when Rand was decided, has been reorganized and renumbered with the current version of Rule 56(c).

5. If Plaintiff needs additional documents to respond to the motion for summary judgment, Plaintiff may make an informal request to Defendants for additional documents;

6. Formal Discovery is stayed pending the resolution of the motion for summary judgment. If any claims survive, the Court will set another scheduling conference; and

7. Plaintiff's oral request for appointment of pro bono counsel is DENIED without prejudice.

IT IS SO ORDERED.

Dated: **January 25, 2018**

/s/ Eric P. Grosj
UNITED STATES MAGISTRATE JUDGE